United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Gerber Javier Larin Gonzales, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-5253 |
| | § | |
| Todd Blanche, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Gerber Javier Larin Gonzales is a native and citizen of El Salvador who concedes that he illegally entered the United States in October of 2022. Docs. 1 at 2. On June 18, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A). Docs. 1 at 2; 8 at 4. Petitioner was first held at the Montgomery Processing Center in Conroe, Texas, where he filed the instant Petition. Doc. 8 at 4. Petitioner has since been transferred to the Adams County Correctional Center in Natchez, Mississippi. *Id.* Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates due process.[1]

Respondents filed a Motion to Transfer that alternatively seeks a stay, dismissal, or summary judgment. Doc. 8. Respondent maintains that Petitioner is not entitled to a bond

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 4–5. The Court assumes that Petitioner intends to raise due both due process challenges.

hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See id.* at 7, 8, 10; *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

As an initial matter, the Court retains jurisdiction over this matter despite Petitioner's transfer to a different facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.); *see also Pena Ramirez v. Noem*, No. 4:25-cv-5484, 2025 WL 3443186, at *1 (S.D. Tex. Dec. 1, 2025). The Court declines to transfer this action as the underlying claim for relief is meritless.

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion is GRANTED to the extent that it requests dismissal, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be

entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of November, 2026.

Nicholas J. Ganjei
United States District Judge